UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Lee Johnson**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**Vacations 4 You LLC,** a Tennessee Limited Liability Company, and **Gregory Minor**<br><br>    Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>JURY DEMAND |

Plaintiff, Lee Johnson (hereafter "Plaintiff"), sues the Defendants, Vacations 4 You LLC (hereafter "Vacations 4 You"), and Gregory Minor (hereafter "Defendant Minor") (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. for Defendants' failure to pay Plaintiff all earned minimum and overtime wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees of Defendants who were Sales Representatives[1] classified by Defendants as independent contractors.

4. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5. Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

6. The Collective Members are all current and former employees who worked as Sales Representatives for Defendants and were classified as independent contractors at any time starting three years before this Complaint was filed, up to the present.

7. Vacations 4 You provides clients with travel agency services and markets the same to prospective customers. *See* https://www.v4unashville.com (last visited Jan. 20, 2022).

8. At all relevant times, Defendants have operated pursuant to a policy and practice of intentionally misclassifying Plaintiff and all other similarly-situated employees as independent contractors.

9. At all relevant times, pursuant to this misclassification, Defendants have willfully refused to pay overtime as required by the FLSA 29 U.S.C. § 207.

---

[1] For the purposes of this Complaint, "Sales Representative" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of the Plaintiff and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the Middle District of Tennessee, Vacations 4 You is a Tennessee limited liability company, Vacations 4 You is headquartered in the Middle District of Tennessee, and Defendants regularly conduct business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

## PARTIES

12. At all material times, Plaintiff is an individual residing in Davidson County, Tennessee, and is a former employee of Defendants.

13. At all material times, Vacations 4 You is a Tennessee corporation licensed to transact business in the State of Tennessee. At all material times, Vacations 4 You does business, has offices, and/or maintains agents for the transaction of its customary business in the Middle District of Tennessee.

14. At all relevant times, Vacations 4 You was Plaintiff's employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Vacations 4 You had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Vacations 4 You. As a person who acted in the

interest of Vacations 4 You in relation to the company's employees, Vacations 4 You is subject to liability under the FLSA.

15. At all relevant times, Defendant Minor owned and/or operated Vacations 4 You. At all relevant times, Defendant Minor had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Vacations 4 You.  As a person who acted in the interest of Vacations 4 You in relation to the company's employees, Defendant Minor is subject to liability under the FLSA.

16. Plaintiff, in his work for Vacations 4 You, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17. At all relevant times, Plaintiff, in his work for Vacations 4 You was engaged in commerce or the production of goods for commerce.

18. At all relevant times, Plaintiff, in his work for Vacations 4 You, was engaged in interstate commerce.

## NATURE OF THE CLAIM

19. Vacations 4 You provides clients with travel agency services and markets the same to prospective customers.

20. In order to provide such services, Defendants hire Sales Representatives, including Plaintiff and then directs the Sales Representatives to perform customer service and sales duties.

21. At all relevant times, Defendants retained and exercised control over the manner and method that Plaintiff and the Collective Members perform their work for Vacations 4 You's clients.

22. At all relevant times, all Defendants have controlled the work assigned to Plaintiff and the Collective Members.

23. Plaintiff was hired by Defendants and worked as a Sales Representative from approximately November 23, 2020 through approximately December 5, 2021.

24. Defendants initially hired Plaintiff as a W-2 employee and then reclassified Plaintiff as a 1099 independent contractor on or around September 1, 2021.

25. Plaintiff has knowledge of Defendants classifying or reclassifying other sales representatives as 1099 independent contractors.

26. As an independent contractor Defendants compensated Plaintiff on a strictly commission basis.

27. Plaintiff regularly worked in excess of forty hours in any given workweek in his work for Defendants.

28. As a result of Defendants' compensation practices, there were workweeks when Plaintiff received little to no wages. During these workweeks, Defendants fell short of their federal minimum wage obligations.

29. Plaintiff and the Collective Members are expected to work for Defendants in excess of forty hours every week and Plaintiff and the Collective Members are left with no meaningful opportunity to pursue other work.

30. As a result of Defendants' compensation practices, Defendants fell short of their federal overtime wage obligations during all workweeks in which Plaintiff worked in excess of forty hours.

31. As a result of Defendants' classifying the Collective Members as independent contractors and compensating the Collective Members similarly to the manner in which they

compensated Plaintiff, Defendants have not met their minimum wage and overtime obligations owed to the Collective Members.

32. Plaintiff and the Collective Members are not permitted to deny work from Defendants. If Plaintiff and the Collective Members declined worked, Plaintiff and the Collective Members would be subject to disciplinary action, including but not limited to termination.

33. Consistent with Defendants' common policy and practice, Plaintiff and the Collective Members have been intentionally misclassified as independent contractors in and effort by Defendants to minimize labor costs and maximize profits.

34. As a result of Defendants common misclassification policy, Defendants have not paid all minimum and overtime wages owed to Plaintiff and the Collective Members.

35. The FLSA applies to Plaintiff and the Collective Members at all times during which they worked for Defendants. No exceptions or exemptions to the FLSA apply to Plaintiff and the Collective Members.

36. Upon information and belief, Defendants have employed hundreds of Sales Representatives throughout the relevant time period without paying overtime pay, and while denying them the rights and benefits due an employee.

37. At all relevant times, Defendants directly or indirectly exercised significant control over the wages, hours, and working conditions of Plaintiff and the Collective Members.

38. At all relevant times, the employment terms, conditions, and policies that applied to Plaintiff were the same as those applied to the Collective Members.

39. Plaintiff and the Collective Members incurred financial loss, injury, and damage as a result of Defendants' business practice of misclassifying them as independent contractors and failing to pay them overtime pay.

40. Defendants' misclassification of Plaintiff and the Collective Members was willful.

41. Defendants knew or should have known that it was improper to classify Plaintiff and the Collective Members as independent contractors.

42. The test for determining whether an individual is an "employee" under the FLSA is the economic reality test. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947). Under the economic reality test, employee status turns on whether the individual is, as a matter of economic reality, in business for herself and truly independent, or, rather, is economically dependent upon finding employment in others.

43. Under the applicable test, courts use the following factors to determine economic dependence and employment status: (1) the degree of control exercised by the alleged employer; (2) the relative investments of the alleged employer and employee; (3) the degree to which the employee's opportunity for profit and loss is determine by the employer; (4) the skill and initiative required in performing the job; (5) the permanency of the relationship; and (6) the degree to which the alleged employee's tasks are integral to the employer's business.

44. The totality of circumstances surrounding the employment relationship between Defendants and Plaintiff and the Collective Members establishes economic dependence by the Plaintiff and the Collective Members on Defendants and employee status. Here, Plaintiff and the Collective Members are not in business for themselves and truly independent, but rather are economically dependent upon Defendants. Plaintiff and the Collective Members are not engaged in occupations or businesses distinct from that of Defendants. To the contrary, Plaintiff and the Collective Members are the basis for Defendants' business. Defendants retain pervasive control over the business operation as a whole, and Plaintiff and the Collective Members.

### Degree of Control Exercised by Defendants

45. Plaintiff and the Collective Members do not exert control over any meaningful part of Defendants' business operation and do not stand as a separate economic entity from Defendants. Defendants exercise control over all aspects of the working relationship with Plaintiff and the Collective Members.

46. Plaintiff and the Collective Members' economic status is inextricably linked to conditions over which Defendants have complete control, including without limitation advertising and promotion, business and financial relationships with customers, business and financial relationship with insurers, and customer volume.

47. Defendants exercise the following significant control over the work conditions of Plaintiff and the Collective Members:

    a. Defendants require Plaintiff and the Collective Members to routinely work in excess of 40 hours per week;

    b. Defendants set the compensation for Plaintiff and the Collective Members;

    c. Defendants direct Plaintiff and the Collective Members with respect to which service jobs/runs to perform and what types of service to provide;

### Facts Establishing No Skill or Initiative of a Person in Business for Themselves

48. Plaintiff and the Collective Members do not exercise the skill and initiative of a person in business for oneself;

49. Plaintiff and the Collective Members do not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of an independent contractor: they own no enterprise, nor do they maintain a separate business structure or facility.

50. Plaintiff and the Collective Members have no control over customers, nor do they actively participate in any efforts to increase Defendants' customer base or profit, or to improve business in any capacity.

51. Defendants do not permit Plaintiff and the Collective Members to hire or subcontract other qualified individuals to provide additional cable installation to customers, thereby increasing their revenue, as an independent contractor in business for himself would have the authority to do.

**Facts Establishing Relative Investment**

52. Plaintiff's and the Collective Members' relative investment is minor when compared to the investment made by Defendants.

53. Plaintiff and the Collective Members make no financial investment in Defendants' facilities, advertising, maintenance, staffing, and contractual relationships. All capital investment and risk belongs to Defendants.

54. Absent Defendants' investment and provision of the business, Defendants' Sales Representatives would not earn anything.

**Facts Establishing Opportunity for Profit and Loss**

55. Defendants manage all aspects of the business operation, including without limitation attracting investors, establishing business and customer relationships, maintaining the premises, establishing the hours of operation, coordinating advertising, and hiring and controlling of staff. Defendants provide all necessary capital to open and operate the business.

56. Neither Plaintiff nor the Collective Members have responsibility for any aspect of Defendants' ongoing business risk.

### Facts Establishing Permanency

57. Plaintiff was hired by Defendants on or about November 23, 2020 as a Sales Representative with the expectation that his work for Defendants would be full-time and permanent. Plaintiff's work for Defendants was never contemplated to be seasonal, cyclical or otherwise temporary. The Collective Members are likewise hired on a permanent basis.

### Fact Establishing Plaintiff and the Collective Members Are an Integral Part of Defendants' Business

58. Plaintiff and the Collective Members are critical to Defendants' success. Defendants' operation in wholly dependent on the sales and customer services that Plaintiff and the Collective and Members provide for Defendants' customers.

59. The primary "product" or "good" Defendants are in business to sell consists of travel agency services and vacation sales provided by Plaintiff and the Collective Members.

60. Members of the putative Collective and Classes, like Plaintiff, are economically dependent on Defendants and subject to significant control by Defendants.

### Facts Establishing that Defendants' Acts Were Willful

61. All actions and agreements by Defendants described herein were willful and intentional, and they were not the result of mistake or inadvertence.

62. Defendants were aware that the FLSA applies to their business at all relevant times and that, under the economic realities test applicable to determining employment status under those laws, Plaintiff and the Collective Members were misclassified as independent contractors.

63. Sales Representatives working under conditions similar to those employed with Defendants have been determined to be employees–not independent contractors–in other FLSA cases.

64. Despite this notice of their violations, and in an effort to enhance Defendants' profits, Defendants continued to intentionally misclassify Sales Representatives like Plaintiff and similarly situated individuals, and knowingly suffered or permitted them to work in excess of 40 hours during a workweek without paying them overtime compensation at a rate of one and one-half times their regular rate. Such conduct was intentional, unlawful, fraudulent, deceptive, unfair, and contrary to public policy.

## INJURY AND DAMAGE

65. Plaintiff and the Collective Members suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

66. Plaintiff the Collective Members were entitled to overtime pay for their work performed for Defendants. By failing to pay Plaintiff and the Collective Members overtime pay and interfering with their right to retain all of their earnings, Defendants injured Plaintiff and the Collective Members and caused them financial loss, harm, injury, and damage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

69. Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated Sales Representatives of Defendants, who classified as independent contractors at any point during the relevant time period.

70. Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All Sales Representatives (or individuals with other similar job duties or titles) who worked for Vacations 4 You LLC, or any subcontractor of Vacations 4 You LLC, and were classified as independent contractors at any time during the past three years.**

71. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and the Collective Member's claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all Sales Representatives employed by Defendants within three years from the filing of this Complaint.

72. Upon information and belief, Defendants employed hundreds of Sales Representatives during the period relevant to this action.

73. The identities of these individuals, as a group, are known only to Defendants Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

74. Because these similarly situated Sales Representatives are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

75. Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff have been subjected, including unlawful misclassification as independent contractors and failure to pay overtime as required by the FLSA.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants compensated Plaintiff and the Collective Members on a commission only basis.

78. As a result, there have been workweeks in which Plaintiff and the Collective Members earned little to no wages and Defendants have not met their minimum wage obligations owed to Plaintiff and the Collective Members.

79. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members at least $7.25 per hour in any given workweek would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

80. Plaintiff and the Collective Members are therefore entitled to compensation for the unpaid minimum wages, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

81. Plaintiff realleges and incorporates by reference all allegations in all preceding Paragraphs.

82. Defendants regularly permitted Plaintiffs and the Collective Members to work in excess of forty hours in a given workweek.

83. Defendants failed or refused to pay Plaintiff and the Collective Members one-and-one half times their regular rates of pay for all hours worked in excess of forty hours in a given workweek.

84. Defendants failed or refused to Plaintiff and the Collective Members one-and-one half times the federal minimum wage for all hours worked in excess of forty hours in a given workweek.

85. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

86. Plaintiff and the Collective Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Lee Johnson, individually, and on behalf of all individuals similarly situated, respectfully request that the Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 24th day of January, 2022.

s/ *Anne Bennett Hunter*
Anne Bennett Hunter BPR # 022407
Ashley Shoemaker Walter BPR # 037651

Collins & Hunter PLLC
7000 Executive Center Drive
Building Two, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
anne@collinshunter.com
heather@collinshunter.com
ashley@collinshunter.com


 /s *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

*Attorneys for Plaintiff*